# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JACKI PETERSON, *et. al.*, | **:** | |
| Plaintiff, | **:** | Case No. 3:13cv00187 |
| vs. | **:** | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| NORTHEASTERN LOCAL SCHOOL DISTRICT, *et al.*, | **:** | |
| | **:** | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiffs bring this action, in part, under 42 U.S.C. §1983, asserting violations of their constitutional rights. The case is before the Court upon Plaintiffs' Complaint (Doc. #1), Defendants' Motion to Strike Exhibits C and D to Plaintiffs' Complaint and All Related Allegations (Doc. #6), Plaintiffs' Memorandum in Opposition (Doc. #11), Plaintiffs' Amended Complaint (Doc. #10), and the record as a whole.[2]

The two Exhibits Defendants want stricken from the record are copies of (1) a Settlement Agreement that resulted from a U.S. Justice Department investigation (Doc. #1, Exhibit C, PageID at 14-45), and (2) a Press Release concerning the Settlement

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Defendants did not file a Reply in Support of their Motion to Strike, and the time for filing such Reply has expired. *See* S.D. Ohio Civ. R. 7.2(a)(2).

Agreement (*id*., Exh. D, PageID at 46). Plaintiffs contend that Defendants' Motion to Strike is moot due Plaintiffs' more recently filed Amended Compliant. Plaintiffs are correct.

The Federal Rules of Civil Procedure permitted Plaintiffs to file their Amended Complaint "once as a matter of course...," and Plaintiffs did so in a timely manner. *See* Fed. R. Civ. P. 15(a)(1)(B); *see also* Fed. R. Civ. P. 7(a) (allowing only certain complaints and answers to constitute "pleadings"); *cf. Youn v. Track, Inc*., 324 F.3d 409, 415 (6th Cir. 2003) (motions to dismiss are not responsive pleadings). "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig*., __F.3d __, No. 13-1608, 2013 WL 5338010 *2 (6th Cir. Sept. 25, 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns., Inc.,* 555 U.S. 438, 456 n. 4, 129 S.Ct. 1109 (2009)); *see Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) ("complaint is a nullity, because an amended complaint supercedes all prior complaints."). As a result, Exhibits C and D to Plaintiffs' original Complaint have no legal or evidentiary significance at present, and Defendants' Motion to Strike those Exhibits is moot. This conclusion, of course, does not say anything about whether those Exhibits or related allegations are, or will be held, admissible or inadmissible under the Federal Rules of Evidence.

Additionally, before Plaintiffs filed their timely Amended Complaint, Defendants filed a Motion for Judgment on the Pleadings (Doc. #9), which Plaintiffs oppose (Doc. #12). Defendants' Motion (Doc. #9) is moot because it focuses on Plaintiffs' original

2

Complaint, which has now been superceded by their timely Amended Complaint. Apparently realizing this, Defendants have recently filed an updated version of their Motion for Judgment on the Pleadings (Doc. #16), seeking dismissal of all Plaintiffs' claims. This recently filed Motion is not yet ripe for decision and therefore remains pending.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Strike Exhibits C and D to Plaintiffs' Complaint and All Related Allegations (Doc. #6) be DENIED as moot; and

2. Defendants' Motion for Judgment on the Pleadings (Doc. #9) be DENIED without prejudice to renewal.

September 30, 2013

                s/Sharon L. Ovington
                Sharon L. Ovington
             Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).