IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JACKIE PETERSON, et al., | : | Case No. 3:13-cv-187 |
| Plaintiffs, | | |
| v. | : | DISTRICT JUDGE WALTER H. RICE |
| NORTHEASTERN LOCAL SCHOOL DISTRICT, et al., | : | CHIEF MAGISTRATE JUDGE |
| Defendants. | | SHARON L. OVINGTON |

DECISION AND ENTRY OVERRULING THE DEFENDANTS' OBJECTIONS (DOC. #27) TO THE REPORT AND RECOMMENDATIONS (DOC. #25) OF THE MAGISTRATE JUDGE; ADOPTING SAID RECOMMENDATIONS IN FULL; SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #16); ALL CLAIMS OF PLAINTIFFS JACKI PETERSON AND KYLE PETERSON ARE DISMISSED WITH PREJUDICE;  ALL CLAIMS AGAINST DEFENDANT NORTHEASTERN LOCAL SCHOOL DISTRICT ARE DISMISSED WITH PREJUDICE; PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM (COUNT IV) IS DISMISSED WITHOUT PREJUDICE, EXCEPT SAID CLAIM AGAINST DEFENDANT DENISE SCHNEIDER IS DISMISSED WITH PREJUDICE; PLAINTIFFS' STATE LAW CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT V) AND VIOLATION OF PRIVACY (COUNT VI) ARE DISMISSED WITHOUT PREJUDICE; PLAINTIFFS' STATE LAW CLAIMS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (COUNT VII) AND LOSS OF CONSORTIUM (COUNT VII) ARE DISMISSED WITH PREJUDICE; PLAINTIFFS JAZMEN PETERSON AND DAMEKA CUNIGAN MAY FILE A SECOND AMENDED COMPLAINT WITHIN TWENTY (20) DAYS IN ORDER TO REPLEAD THE PROCEDURAL DUE PROCESS CLAIM AND THE STATE LAW CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INVASION OF PRIVACY; ALL AMENDMENTS MUST TAKE INTO ACCOUNT THE STRICTURES OF RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiffs Jacki Peterson, Kyle Peterson, Jazmen Peterson, and Dameka Cunigan filed suit against Defendants Northeastern Local School District, Louis A. Kramer, Superintendent of Northeastern Local School District, Denise Schneider, Treasurer of Northeastern Local School District, John Hill, Principal of Kenton Ridge High School, and Allyson Teusnik, Assistant Principal of Kenton Ridge High School, alleging the following federal claims in their Amended Complaint (Doc. #10): a violation of the Equal Protection Clause of the Fourteenth Amendment, asserted under 42 U.S.C. § 1983 (Count One); a violation of Plaintiffs' Substantive Due Process Rights, brought under 42 U.S.C. § 1983 (Count Two); a race discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count Three); and a violation of Plaintiffs' rights to procedural due process, brought under 42 U.S.C. § 1983 (Count Four). Plaintiffs also alleged the following four claims brought under the common law of Ohio: intentional infliction of emotional distress ("IIED") (Count V); violation of the right to privacy (Count VI); negligent infliction of emotional distress (Count VII); and loss of consortium (Count VIII). Plaintiffs' claims are based on allegations of racial harassment at the high school that Jazmen Peterson and Dameka Cunigan attended prior to their expulsion, which they claim was an act of retaliation by Defendants for their efforts to report the harassment. The Court has original jurisdiction of Plaintiffs' federal claims pursuant to the federal question statute, 28 U.S.C. § 1331, and the Court has supplemental jurisdiction over their state law claims, pursuant to 28 U.S.C. § 1367.

2

Pending before the Court are Defendants' Motion for Judgment on the Pleadings (Doc. #16), the Report and Recommendations of Chief Magistrate Judge Sharon L. Ovington (Doc. #25), and Defendants' Objections to the Report and Recommendations (Doc. #27). Plaintiffs filed a Response to the Report and Recommendations, but made no objections. Doc. #29.

Based upon the reasoning and citations set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of the parties' memoranda and the applicable law, this Court adopts the Report and Recommendations in their entirety, with the following observations and rulings.

Defendants make several objections to the Report and Recommendations of the United States Magistrate Judge, which the Court will address in turn. First, Defendants argue that the Report and Recommendations accepted a number of "unwarranted and unreasonable characterizations and conclusions" that violate the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Doc. #27 at 4. Defendants believe that Plaintiffs' claims are too vague and conclusory to withstand the scrutiny required by those opinions, and the Court should, therefore, reject the Report and Recommendation and dismiss Plaintiffs' claims. The Court admits that a frustrating opacity permeates the Amended Complaint, particularly with regards to the allegations of racial harassment apart from the one incident described in detail, and the circumstances of Plaintiffs' alleged expulsion. Thus, if Plaintiffs choose to file a Second Amended Complaint to restate the claims dismissed without

3

prejudice, they are encouraged to improve upon their factual allegations, both in quantity and quality. However, as the United States Magistrate Judge stated in the Report and Recommendations: "Notice pleading is alive in the United States Courts; the 'hypertechnical pleading regime of a prior era . . .," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), is not." Doc. #25 at 10. Plaintiffs have alleged that Jazmen Peterson and Dameka Cunigan were continuously subjected to racial harassment before being expelled in retaliation for reporting the harassment. They have attached, as an example of the harassment, a handwritten note replete with racial epithets and imagery that, although crudely drawn, unmistakably portrays a lynching. The Court agrees with the Report and Recommendations that Plaintiffs have fulfilled the pleading requirements of Rule 8 with respect to all federal claims asserted in the Amended Complaint, except the procedural due process claim. Accordingly, Defendants' objection based on the alleged pleading deficiencies of the Amended Complaint is overruled.

Second, Defendants object to the recommendation that the Court deny them qualified immunity. Doc. #27 at 7-8. Defendants' argument relies on the same foundation as their first objection: the supposed inadequacy of Plaintiffs' pleading and factual allegations. The Court has rejected this characterization. Plaintiffs' claims are sufficiently cognizable as constitutional violations to withstand, at the pleading stage, Defendants' assertion of qualified immunity. Accordingly, this objection is overruled as well.

Plaintiffs make no objections to the Report and Recommendations. Rather, in their Response (Doc. #29), they argue that Defendants have waived their right to object because Defendants' objections lack the specificity required by the Notice that accompanied the Report and Recommendations, which stated that "objections shall specify the portions of the report objected to and shall be accompanied by a memorandum of law in support of the objections." Plaintiffs' argument is wholly without merit, as evidenced by the Court's rulings on Defendants' specific objections above. The specific issues that Defendants had with the Report and Recommendations were plainly spelled out in their memorandum. *See* Doc. 27 at 1-8. Plaintiffs are encouraged to turn their efforts toward redrafting the Amended Complaint, bearing in mind that their previous version was, as the Magistrate Judge described, "not a model of perfection." Doc. #25 at 36.

Finally, in adopting the Report and Recommendations, the Court rules as follows:

1. All claims of Plaintiffs Jacki Peterson and Kyle Peterson are DISMISSED WITH PREJUDICE. Plaintiffs have failed to allege any cognizable constitutional injury to either party, and there is no allegation of bodily injury to any plaintiff that would sustain the "loss of consortium" claim, the only state law claim they appear to bring.

2. All claims against Defendant the Northeastern Local School District are DISMISSED WITH PREJUDICE, as it is not an entity capable of being sued. If Plaintiffs file a Second Amended Complaint, they are directed to name the Northeastern Local School District Board of Education as a defendant, as "[t]he board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued." Ohio Rev. Code § 3313.17.

3. The claim alleging a violation of Plaintiffs' Procedural Due Process rights is DISMISSED WITHOUT PREJUDICE, except said claim is DISMISSED WITH PREJUDICE insofar as it is directed against Defendant Denise Schneider, the Treasurer of the Northeastern Local School District. The claim is based on an allegation of deficient notice before the expulsion of Plaintiffs Jazmen Peterson and Dameka Cunigan, but is not cognizable against the Treasurer, as Ohio Rev. Code §§3313.66(A) & (B) place the duty to provide notice before expulsion only on the superintendent or school principal. The claim must be restated with regards to the other Defendants, however, because it fails to allege that Plaintiffs did not receive notice and an opportunity to be heard before the expulsion.

4. Plaintiffs' state law claims for IIED (Count V) and Invasion of Privacy (Count VI) are DISMISSED WITHOUT PREJUDICE. The Report and Recommendations suggested dismissing the invasion of privacy claim with prejudice because such a claim requires communication of the Plaintiff's private details to a public audience, which Plaintiffs failed to allege. The Court will allow Plaintiffs to restate this claim in the Second Amended Complaint only if their factual allegations demonstrate the type of communication that would support such a claim.

5. Plaintiffs' state law claims for Negligent Infliction of Emotional Distress (Count VII) and Loss of Consortium (Count VIII) are DISMISSED WITH PREJUDICE.

The remaining claims of Plaintiffs Jazmen Peterson and Dameka Cunigan are:

1) a violation of the Equal Protection Clause of the Fourteenth Amendment, asserted under 42 U.S.C. § 1983 (Count One);

2) a violation of Plaintiffs' Substantive Due Process Rights, brought under 42 U.S.C. § 1983 (Count Two); and

7

3) a race discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count Three).

Plaintiffs may file a Second Amended Complaint within twenty (20) days from date, if they wish to restate any of the claims that have been dismissed without prejudice. Plaintiffs <u>must</u> comply with the strictures of Rule 11 of the Rules of Civil Procedure regarding any and all claims and factual allegations stated therein.

Date: September 12, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE