IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAZMEN PETERSON, et al., : | |
| Plaintiffs, | |
| v. : | Case No. 3:13-cv-187 |
| LOUIS KRAMER, SUPERINTENDANT, NORTHEASTERN LOCAL SCHOOL DISTRICT, et al., : | JUDGE WALTER H. RICE |
| Defendants. | |

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO COMPEL DISCOVERY (DOC. #42) WITHOUT PREJUDICE TO RENEWAL

Pending before the Court is the Motion to Compel (Doc. #42) filed by Defendants Louis A. Kramer, John Hill, and Allyson Teusik ("Defendants"), seeking an order that compels Plaintiffs Jazmen Peterson and Dameka Cunigan ("Plaintiffs") to produce discovery that Plaintiffs claim has either already been provided or does not exist. For the reasons set forth below, Defendants' motion is OVERRULED without prejudice.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action was originally filed on June 6, 2013. Doc. #1. Since then, multiple amendments to the Complaint and a ruling on a dispositive motion have narrowed the number of parties and claims. The operative Complaint is now the

Corrected Second Amended Complaint filed on October 31, 2014. Doc. #36. The following allegations drawn from that pleading are those most relevant to the resolution of Defendants' Motion to Compel.

A Caucasian student at Kenton Ridge High School identified only as T.B. and other students subjected Jazmen and Dameka to race and gender-based harassment. Corrected 2d Am. Compl. ¶ 13 (Doc. #36 at 4). Jackie and Kyle Peterson, Jazmen's parents, complained to Defendants about the harassment. *Id.* ¶ 16 (Doc. #36 at 4). The harassment resulted in the Northeastern School District entering into a consent decree with the U.S. Department of Justice. *Id.* In spite of the consent decree, T.B., other students, and Defendants subjected Jazmen and Dameka to a "continuous malicious campaign" of bullying and retaliation based on race and gender. *Id.* ¶ 18 (Doc. #36 at 5). For example, "Hill invaded Dameka's privacy by publishing confidential information seized from" a journal she kept in her locker. *Id.* ¶¶ 18 & 64 (Doc. #36 at 5 & 14). The school officials also conspired to deny Plaintiffs notice of a disciplinary hearing, did not notify their counsel of the hearing, and expelled them from school. *Id.* ¶¶ 18-19. They also failed to discipline T.B. and the other students. *Id.* ¶ 18.

On multiple occasions, Jazmen and Dameka received racially-themed epithets and threats in the form of letters, drawings, and emails. *Id.* ¶¶ 22, 26, 32, 35 41 & 43 (Doc. #36 at 7-11). Dameka received threatening emails on January 11, 2012, and February 9, 2012. *Id.* ¶¶ 35 & 43 (Doc. #36 at 9 & 11).

2

Based on these allegations, Plaintiffs state the following claims in the Corrected Second Amended Complaint: a violation of the Equal Protection Clause of the Fourteenth Amendment, asserted under 42 U.S.C. § 1983 (Count One); a violation of Plaintiffs' Substantive Due Process Rights, brought under 42 U.S.C. § 1983 (Count Two); a race discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count Three); and a violation of Plaintiffs' rights to procedural due process, brought under 42 U.S.C. § 1983 (Count Four); a common law claim of intentional infliction of emotional distress ("IIED") (Count V); a common law claim for violation of the right to privacy (Count VI); and a common law claim for negligent infliction of emotional distress (Count VII). *Id.* at ¶¶46-70 (Doc. #36 at 12-15).

Defendants propounded Interrogatories and Requests for the Production of Documents to Plaintiffs on November 22, 2013. Doc. #41-1 at 4-28. Plaintiffs provided responses to these requests on January 30, 2014. *Id.* at 1. On March 3, 2014, counsel for Defendants sent a letter to Plaintiffs' counsel asking them to supplement the responses to address missing items, including the following:

1. Documents showing that Kyle and Jacki Peterson were the guardians of Plaintiff Dameka Cunigan.
2. Facebook postings, emails, voicemails, and texts from the time of the alleged bullying.
3. Cellular phone records from the time of the alleged bullying.
4. The "personal journal" referenced in the complaint.

3

*Id.* at 29.

Plaintiffs' counsel communicated to Defendants that no more discovery responses would be provided until after the Court ruled on Defendants' Motion for Judgment on the Pleadings. *Id.* at 31. After the Court ruled on said motion on September 15, 2014, Defendants renewed the request to Plaintiffs' counsel in a letter dated October 8, 2014. *Id.* at 35. Plaintiffs also made requests for the documents under Rule 34 of the Federal Rules of Civil Procedure during the depositions of Jackie and Jazmen Peterson in January, 2014. *Id.* at 1. On February 2, 2015, Defendants' counsel sent a letter to Plaintiffs' counsel, making a "final" request for the documents to be produced before filing the Motion to Compel on March 9, 2015. *Id.* at 37.

Defendants filed the Motion to Compel Discovery on March 9, 2015. Doc. #42. Therein, they argue that they are entitled to have Plaintiffs produce the documents listed above because they are all relevant to Plaintiffs' claims. They have also attached a certification of their efforts to obtain the documents. Doc. #42-1.

On April 2, 2015, Plaintiffs filed a one-page Memorandum in Opposition to Defendants' Motion to Compel Discovery. Doc. #43. Plaintiffs argue that the documents do not exist, stating the following:

> Plaintiffs and the parents of Plaintiff Jazmen Peterson have been deposed. All responsive documents available to Plaintiffs have been produced to Defendants. The social media postings requested by Defendants do not exist and the names of the previous cell phone providers of Plaintiffs have either already been provided or are being

4

      provided to Defendants. To the extent that Defendants seek cell phone records from cell phone providers previously utilized by Plaintiffs, Plaintiffs have consented to the release of those records, if they still exist. Plaintiffs simply do not have any further discovery materials to turn over. For the above reasons it is respectfully requested that the motion to compel be denied.

*Id.* at 1.

Defendants filed a Reply Brief on April 14, 2015. Doc. #44. Therein, they argue that Plaintiffs' Response is inadequate, and fails to "address the requested emails, guardianship papers, or the journal." *Id.* at 2.

## II.   <u>DEFENDANTS' MOTION TO COMPEL DISCOVERY (DOC. #42)</u>

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." When a party fails to produce discovery that is relevant under Rule 26, Rule 37 (a)(1) allows the other party to "move for an order compelling disclosure or discovery." The motion to compel may seek documents that a party has failed to produce after a request for production of documents made under Rule 24. Fed. R. Civ. P. 37(a)(3)(B)(iv). A party must engage in a good-faith effort to resolve the issue before filing the motion to compel, and it must provide certification of those efforts when filing the motion. Fed. R. Civ. P. 37(a)(1).

5

For two reasons, the Court must overrule Defendants' Motion to Compel Discovery, without prejudice, at this time. First, the documents that Defendants have attached to their certification of their attempts at resolving this discovery dispute are deficient because they have not attached any of Plaintiffs' *responses* to their discovery requests. Instead, they have attached copies of the Interrogatories and Requests for Production of Documents in the form these documents took when they were served on Plaintiffs. The Court cannot evaluate the adequacy or inadequacy of Plaintiffs' responses because they are not in the record provided by Defendants.

Second, the Court agrees with Defendants' assertion that Plaintiffs' Memorandum in Opposition is an inadequate response to the Motion to Compel. Plaintiffs made no effort to describe their efforts to find the documents in question, and they do not even address their failure to produce documents that they themselves allege exist in the Complaint, such as the journal and the emails. However, because Defendants did not provide Plaintiffs' actual objections or responses to the Interrogatories and Requests for Production of Documents, the Court does not know if Plaintiffs' original objections were more descriptive of their efforts, or if Defendants were provided with more explanatory responses or objections to the requests.

For these reasons, the Court finds that it cannot rule on the Motion to Compel. The record is simply too inadequate to make a meaningful ruling on the motion. Accordingly, Defendants may renew the Motion to Compel and attach the

responses to their discovery requests so that the Court can examine the substance of Plaintiffs' objections to same. Furthermore, Plaintiffs are put on notice of the inadequacy of their response to Defendants' Motion to Compel. They are advised that a second failing to provide any meaningful explanation of their efforts to locate the requested documents will be unlikely to result in a ruling in their favor.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Compel Discovery (Doc. #42) is OVERRULED without prejudice to renewal. Defendants may renew their motion with a properly supplemented certification under Fed. R. Civ. P. 37(a)(1).

Date: April 29, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE