## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JACKI PETERSON, et al.,                    :

      Plaintiffs,                              :          Case No. 3:13cv00187

 vs.                                       :          District Judge Walter Herbert Rice
                                                      Chief Magistrate Judge Sharon L. Ovington

NORTHEASTERN LOCAL SCHOOL     :
DISTRICT, et al.,

                                           :

      Defendants.                              :

                                           :

## REPORT AND RECOMMENDATIONS[1]

### I.    Introduction

This case is presently pending upon Defendants' Amended Motion to Compel Discovery (Doc. #48), Plaintiffs' Memorandum In Opposition (Doc. #49), Defendants' Reply (Doc. #51), and the record as a whole. This matter has been referred to the undersigned Judicial Officer for a Report and Recommendation. (Doc. #58).

Defendants seek an Order compelling Plaintiffs to produce 5 categories of documents:

    1.    Documents showing that Kyle and Jackie Petersen were the guardians of Plaintiff Dameka Cunigan.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

2.      Facebook postings, emails, voicemails, and texts from the time of the alleged bullying.

3.      Cellular phone records from the time of the alleged bullying.

4.      The "personal journal" referenced in the Complaint.

5.      Jacki Petersen's personal notes discussed in her deposition.

With the exception of category 5, the documents at issue were the subject of the parties' dispute over Defendants' previously filed Motion to Compel.  District Judge Rice overruled that motion without prejudice to renewal, explaining in part:

> [T]he Court finds that it cannot rule on the Motion to Compel.  The record is simply too inadequate to make a meaningful ruling on the motion.  Accordingly, Defendants may renew the Motion to Compel and attach the responses to their discovery requests so that the Court can examine the substance of Plaintiffs' objections to the same.  Furthermore, Plaintiffs are advised that a second failing to produce any meaningful explanation of their efforts to locate the requested documents will be unlikely to reach a result in their favor.

(Doc. #47, *PageID*# 481-82).

In support of their present Motion, Defendants have attached copies of their Combined Interrogatories and Requests for Production of Documents with Plaintiffs' answers and responses thereto.  Defendants have also attached an excerpt of Plaintiff's Jacki Peterson's deposition transcript where she refers to her personal notes.  Given these materials, the record is now sufficient to make a meaningful ruling on the parties' dispute over the categories of documents at issue.

## II.  <u>Discussion</u>

### A.  <u>Discovery Relevance</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense ...."  Additionally, "For good cause, the court may order discovery of any matter relevant to the subject matters involved in the action.  Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence ...."  Fed. R .Civ. P. 26(b)(1).  Plaintiffs do not raise a relevancy challenge to the at-issue categories of documents defendants seek.  As a result, there is no discovery dispute over the Rule 26(b)(1) relevance of the 5 categories of documents Defendants seek.

The parties' present dispute concerns the sufficiency of Plaintiffs' responses, objections, and general statements that they "have made a diligent search for the remaining requested items.  No additional responsive documents exist."  (Doc. 49, *PageID*# 573).

### B.  <u>Rule 34 and Plaintiffs' Responses and Objections</u>

Federal Rule of Civil Procedure 34(b)(2) sets the stage for document production by requiring a party to respond in writing to the opposing party's document requests.  *See* Fed. R. Civ. P. 34(b)(2)(A).  The Rule gives the responding party a mandatory choice between either "stat[ing] that inspection and related activities will be permitted as

requested...," or objecting to the request. Rule 34(b)(2)(B). If the party objects to production, he or she must include "the reasons" for objecting. *Id*. "An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

Attorneys engaged in federal-discovery practice know they bear the duty to supplement their responses to discovery requests – including responses to Rule 34 requests for document production – if they "learn that in some material respect the disclosure or response is incomplete or incorrect ...," and the additional or correct information has not already been provided to the other parties. Fed. R. Civ. P. 26(e)(1)(A).

A motion to compel may be granted if the responding party fails to respond to a Rule 34 request or provides "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4). "The burden ... rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Kafele v. Javitch, Block, Eisen & Rathborne*, No. 2:03cv00638, 2005 WL 5095186, at *1 (S.D. Ohio April 20, 2005) (King M.J.; Holschul, D.J.).

Turning to Plaintiffs' Responses and Objections to Defendants' combined interrogatories and requests for production of documents, they are problematic. Generally, many of Plaintiffs' at-issue responses do not comply with Rule 34. Their specific responses are discussed below. *Infra*, §§II(C)-(D).

4

Briefly, however, Plaintiffs' Memorandum repeats the same problem Judge Rice's previous Order identified. The Memorandum does not state what steps they took to find responsive documents or to supplement their responses to Defendants' requests. Judge Rice's previous Order plainly faulted Plaintiffs for this shortcoming and advised them that their failure to do so "will be unlikely to result in a ruling in their favor." (Doc. #46, *PageID*# 482). And so it is. Plaintiffs continue to omit any meaningful explanation regarding their efforts to locate responsive documents.

### C. <u>Guardianship Documents</u>

Defendants' combined interrogatory and document request no. 4 to Dameka Cunigan states, "Identify the circumstances surrounding the guardianship, as alleged in paragraph 5 of your Amended Complaint, including the date that said guardianship became effective, the court in which the proceedings occurred, and your age at the time." (Doc. #48, *PageID*# 537). Ms. Cunigan's 5-word response: "Plaintiff will supplement this response." *Id*. This promise invites esoteric musing about whether something needs to exist (an initial response) or be produced (responsive documents) before it can be supplemented. Musing aside, Ms. Cunigan's response merely acknowledges her duty to supplement her discovery responses when required by Fed. R. Civ. P. 26(e)(1) . Without more, her response lacks either an objection or a written statement "that inspection and related activities will be permitted as requested ...." Rule 34(b)(2)(B). As a result, Ms. Cunigan's response falls short of what Rule 34(b)(2)(B) mandates.

5

In an effort to provide the promised supplementation, Plaintiffs have produced a copy of a one-page document from the Clark County, Ohio Court of Common Pleas, Domestic Relations Division – Juvenile Section.  (Doc. #49, *PageID*# 575).  The document is captioned "Heather Peterson v. Shawn Cunigan."  It is styled as a Motion To Redirect Support Payments.  And it seeks to redirect child-support payments for Dameka Cunigan to her "caretaker."  *Id*.  The judge's signature line provided on the face of the Motion is blank.  Plaintiffs assert that this document establishes the caretaker relationship between Ms. Cunigan and Kyle and Jacki Peterson.  *Id*.  Maybe.  Maybe not.  Defendants maintain that this document "does nothing to establish legal guardianship over Dameka Cunigan, as set forth in Chapter 2111 of the Ohio Revised Code."  (Doc. #51, *PageID*# 580).  This does not matter for the present purpose of considering whether Ms .Cunigan's response to request no. 4 is sufficient.

Defendants argue, "If the Petersons were never actually appointed guardians of Dameka Cunigan, contrary to their testimony in their depositions, they should simply assert that ... no guardianship documents exist."  (Doc. #51, *PageID*# 580).  This is likely what Plaintiffs have effectively done in their Memorandum in Opposition by producing only the "caretaker" document and generally stating, "No additional responsive documents exist."   (Doc. #49, *PageID*# 573).  Additionally, Plaintiffs' most recent pleading (their Second Amended Complaint) no longer alleges that the Petersons were Ms. Cunigan's legal guardians.  This omission doubtlessly derives from the fact that the

Petersons are no longer parties in the case. All their claims have been dismissed with prejudice. (Doc. #31).

Still, if no guardianship documents responsive to Ms. Cunigan's request no. 4 exist, Plaintiffs' duty to supplement requires her to certify this by way of the affidavit described below, in the undersigned's recommendations. *See* Fed. R. Civ. P. 26(e)(1).

### D. Remaining Documents At Issue

A review of Plaintiffs' responses to Defendants' 4 remaining categories of documents reveals more problems. Although the parties do not identify the specific numbers of the combined interrogatories and document requests that are at issue, at least the following address the remaining documents Defendants seek.

### 1.
### Facebook postings, emails, voicemails, and texts

Dameka Cunigan responded to Defendants' requests for Facebook postings, etc., (Request Nos. 8, 9), "Plaintiff is continuing to locate responsive documents."[2] This does not comply with Rule 34(b)(2)(B) because it does not state an objection or constitute a written statement "that inspection and related activities will be permitted as requested ...."

In response to Defendants' request for copies of email communications (No. 18), Ms. Cunigan only provided an email address.[3] The email address alone is non-responsive

---

[2] (Doc. #48, *PageID*# 538).

[3] (Doc,. #48, *PageID*# 540).

to the request and the response did not raise an objection or otherwise comply with Rule 34(b)(2)(B).

Jazmen Peterson responded to Defendants' requests for Facebook postings, etc., (Request Nos. 8, 9) by referring to "Sketches at Exhibit A."[4]  Although this may imply that she does not have other responsive documents, it fails to comply with Rule 34(b)(2)(B) because it omits either an objection or a written statement "that inspection and related activities will be permitted as requested ...."  *Id.*

Ms. Peterson neither objected to nor responded in writing to Defendants' request for copies of email communications (No. 18).[5]  Her lack of response fails to comply with Rule 34(b)(2)(B).

As to the Peterson, Defendants requested copies of "verbal or written communications" regarding the alleged harassment and bullying.  (Nos. 13, 14).  The Petersons responded, "No responsive documents exist."[6]   This response is sufficient to comply with Rule 34(b).  *See* 8B WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE §2213 (2010) ("[I]t should be enough for the party to respond by saying that a particular document is not in existence or that it is not in the responding party's possession, custody, or control.").

---

[4] (Doc. #48, *PageID#* 563).

[5] (Doc. #48, *PageID#* 564-65).

[6] (Doc. #48, *PageID#* 552).

8

The Petersons responded to Defendants' request for emails (No. 16), stating, "All relevant documents are subject to attorney-client privilege."  This constitutes an objection that satisfies Rule 34(b)(2).  Defendants do not specifically raise an issue over whether Plaintiffs have produced a privilege log.

**2.**
**Cellular Phone Records**

Ms. Cunigan responded to Defendants' requests for cellular phone records (No. 17), "Requested records are privileged.  Plaintiff will supplement this response."[7]  The failure to identify a specific privilege makes this objection too general to satisfy Rule 34(b)(2)(B) or to determine whether the asserted privilege applies.  *See* Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged..., the party must expressly make the claim ..." and describe the documents in a manner that will "enable the other parties to assess the claim."); *see Shields v. Unum Provident Corp*., No. 2:05cv0744, 2007 WL 764298, at *9 (S.D. Ohio Mar. 9, 2007) (King, M.J.) ("The party invoking the protection must also describe in detail the documents or information sought to be protected and provide precise reasons' for the objection to discovery." (citation omitted)); *cf. Brown v. Tellermate Holdings Ltd*., No. 2:11cv1122, 2013 WL 1363738, at *4 (S.D. Ohio Apr. 3, 2013) (Kemp, M.J.) ("Tellermate's general assertion that it was producing all non-privileged documents .. was not sufficiently specific or express to constitute a claim of privilege as to any withheld

---

[7] (Doc. #48, *PageID*# 539).

9

documents.").

In response to Defendants' cell-phone request (No. 15), the Petersons responded,

"**OBJECTION**: Without waiving this objection[,] Plaintiffs will supplement this

request."[8]  What objection are the Petersons referring to?  They do not say.  Without more,

this response does not comply with Rule 34(b)(2)(B).

Ms. Petersen did not object or respond to Defendants' cell-phone request (No. 17),

in dereliction of Rule 34(b)(2)(B).[9]

### 3.
### Personal Journal

Defendants' requests (Nos. 22, 23, 24) sought Ms. Cunigan's personal journal

referenced in paragraph 38 of her Complaint.  She responded, "The requested documents

are privileged.  Plaintiff will supplement this response."[10]  What privilege shields the

responsive documents?  Ms. Cunigan does not say.  Her failure to identify a specific

privilege makes this response too general.  *See* Fed. R. Civ. P. 26(b)(5); *see also Shields*,

No. 2:05cv00744, 2007 WL 764298, at *9.

In dereliction of Rule 34(b)(2)(B), Ms. Peterson did not object or respond to

Defendants' request (No. 21) for her diary, journal, personal log, etc.[11]

---

[8] (Doc. #48, *PageID*# 552 (emphasis in original)).

[9] (Doc. #48, *PageID*# 564).

[10] (Doc. #48, *PageID*# 540).

[11] (Doc. #48, *PageID*# 565).

**4.**
**Personal Notes**

Ms. Peterson testified during her deposition that she had personal notes concerning "[t]hings that transpired from November on."  (Doc. #48, *PageID#* 571).  Defendants state that Ms. Peterson agreed to produce these notes but has not done so despite counsel's follow-up requests.  *Id*., *PageID#* 490.

In response, Plaintiffs apparently rely on their general assertion that "[n]o responsive documents exist" (Doc. #49, *PageID#* 573) without stating the steps they took to locate responsive documents.  This does not comply with Judge Rice's previous Order.

**E.**    **Conclusion**

For the above reasons, Defendants' Amended Motion to Compel is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1.    Defendants' Amended Motion To Compel Discovery (Doc. #48) be GRANTED;

2.    Plaintiffs be ordered to produce all documents in their possession, custody, or control that are in any of 5 remaining categories of documents set forth above;

3.    Plaintiffs be ordered that if no responsive documents exist, they shall submit an affidavit to Defendants' counsel certifying that they have completed a reasonable inquiry into locating and producing responsive documents. Plaintiffs shall also disclose in the affidavit the particular parameters of their searches and the details of the steps they took to locate responsive documents; and

4.      Plaintiffs be ORDERED to show cause why they should not be required to pay Defendants' costs pursuant to Fed. R. Civ. P. 37(a)(5).


August 25, 2015

s/Sharon L. Ovington
_____
Sharon L. Ovington
Chief United States Magistrate Judge

12

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

13